**Sophie SCHEIDT and John Scheidt, Appellants,**

v.

**Spike YOUNG and Victoria F. Young, doing business as Merry Hill Lodge.**

**No. 16423.**

United States Court of Appeals Third Circuit.

Argued Nov. 20, 1967.

Decided Jan. 5, 1968.

**59**

Bricklin, Philadelphia, Pa., on the brief), for appellees.

Before HASTIE, FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

In this diversity case the district court of New Jersey quashed service of process on defendants in Pennsylvania, and dismissed the complaint without prejudice.

Plaintiffs allege that they are citizens of New Jersey and that defendants are citizens of Pennsylvania. Plaintiff, Sophie Scheidt, seeks damages for injury which she incurred in a softball game at defendants' Merry Hill Lodge in Cresco, Pennsylvania, allegedly as a result of their negligence while she was a paying guest at the lodge. John Scheidt, her husband, seeks damages for the loss of his wife's services and society.

Extraterritorial service of process is authorized by Rule 4(e) of the Federal Rules of Civil Procedure "under the circumstances and in the manner prescribed in the statute or rule [of the state in which the district court sits]." [1] New Jersey appears to have extended its extraterritorial service to the full extent permitted by due process. [2]

Robert A. Elkins, Elkins & Elkins, Jersey City, N. J., for appellants.

David F. Binder, Bennett, Bricklin & Saltzburg, Philadelphia, Pa. (Albert L.

1. See also Rule 4(f), which provides:
   "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state. * * *"

2. Rule 4:4–4 of the New Jersey Civil Practice Rules provides:
   "Summons. Personal Service
   "(a) Upon an individual * * * by delivering a copy of the summons and complaint to him personally; or by leaving a copy thereof at his dwelling house or usual place of abode with some competent member of his family of the age of 14 years or over then residing therein; or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on his behalf;
   * * * * *
   "(e) Upon a partnership, by serving, in the manner prescribed by paragraph (a), a partner, a managing or general agent or an officer; or, if service cannot be made upon any of the foregoing, then, subject to due process of law, by mailing, registered mail return receipt requested, a copy of the summons and complaint to a registered agent for service, or its principal place of business, or its registered office.
   * * * * *
   "(h) Upon an individual engaged in a business within the State in an action arising out of the conduct of such business, by serving in the manner prescribed in paragraph (a), the individual, or a managing or general agent of

Plaintiffs rely on the following facts to sustain the service. Upon reading defendants' advertisement in the New York Daily News, a New York newspaper which is also circulated in New Jersey, Mrs. Scheidt called defendants at a Pennsylvania telephone number given in the advertisement, and as Mrs. Scheidt avers, "came to a definite agreement as to our accommodations, date of arrival, length of stay and rate. There was absolutely no condition attached, merely a request that we telegraph a $35.00 deposit, which we promptly did." Mrs. Scheidt has seen the advertisement both before and since this occasion. After the accident representatives of the defendants and their insurer called on Mrs. Scheidt regarding it.

■ These circumstances do not render defendants subject to extraterritorial service of process. Defendants' advertisements in an out of state newspaper circulated in New Jersey, plaintiffs' telephone conversation with them at the Pennsylvania number listed in the advertisements, defendants' receipt of a deposit sent from New Jersey and the visits to New Jersey by representatives of defendants regarding the accident are peripheral occurrences and do not constitute "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[3] New Jersey therefore did not have the necessary "minimum contacts" to sustain jurisdiction over the person and service of process required by due process,[4] and service was properly quashed.

The judgment of the district court will be affirmed.

the individual employed in such business; * * *.

   *     *     *     *     *

"(j) Whenever it shall appear by affidavit of the attorney for the plaintiff or of any person having knowledge of the facts, that, after diligent inquiry and effort, an individual cannot be served in this State under any of the preceding paragraphs of this rule, then, consistent with due process of law, service may be made by mailing, registered mail, return receipt requested, a copy of the summons and complaint to the individual addressed to his dwelling house or usual place of abode. * * *"

3. Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1956).

4. Hanson v. Denckla, supra. See International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Rosenblatt v. American Cyanamid Co., 86 S.Ct. 1, 15 L.Ed.2d 39, Goldberg, J., in chambers, appeal dismissed 382 U.S. 110, 86 S.Ct. 256 (1965). See generally Currie, The Growth of the Long Arm: Eight Years of Extended Jurisdiction in Illinois, 1963 U.Ill.L.Forum 533 (1963); von Mehren & Trautman, Jurisdiction to Adjudicate: A Suggested Analysis, 79 Harv.L.Rev. 1121 (1966).