Linda NAULTY, Appellee,

v.

Dr. Ross FUINCH and Germantown Hospital.

Appeal of Dr. Ross FUNCH and Germantown Hospital.

No. 81–2794.

United States Court of Appeals, Third Circuit.

Argued July 26, 1982.

Decided Aug. 10, 1982.

Israel N. Eisenberg (argued), Stanley P. Stahl, Voorhees, N. J., for appellants.

Richard L. Freedman, Camden, N. J. (argued), for appellee.

Before GIBBONS, HUNTER and BECKER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

Plaintiff, a citizen of New Jersey, sued defendants Dr. Ross Funch, a citizen of Pennsylvania, and Germantown Hospital, a Pennsylvania corporation with its only place of business in Pennsylvania, alleging various tort causes of action in connection with services performed by Dr. Funch at Germantown Hospital. Both defendants moved to dismiss the complaint, alleging that they were not within the reach of the New Jersey Long Arm Statute and that the United States District Court for the District of New Jersey therefore had no personal jurisdiction over them.[1] In his motion, Dr. Funch stated that he was licensed to practice medicine in Pennsylvania and not in New Jersey, that he treated plaintiff solely in Pennsylvania, that he conducted no business in New Jersey and that he has no one acting on his behalf in New Jersey. In its motion, Germantown Hospital stated that it is incorporated, licensed and located in Pennsylvania, that it does no business in New Jersey, and that it has no one acting on its behalf in New Jersey.

Plaintiff filed a brief and an affidavit in opposition to defendants' motions. In its entirety, that affidavit stated:

I, Linda Naulty, of full age being duly sworn according to law, depose and say:

1. I am the Plaintiff in the above entitled matter.

2. I originally learned of the practice of Dr. Ross Funch, performed through

---

1. See New Jersey Civil Practice Rule 4:4–4; Federal Rule of Civil Procedure 4.

Germantown Hospital, Philadelphia, Pennsylvania, through the advertising media which was circulated in the State of New Jersey.

3. I first heard of this practice of inserting something in one's ear to help them stop smoking while listening to either a television or radio talk show wherein I learned this service was being done in the Germantown Hospital.

4. Subsequently I read about it in a newspaper as to when this service was to be performed and where. I subsequently contacted the telephone number in the advertisement. As this was approximately one and one-half years ago I do not remember the exact newspaper or publication that I had read it in but I do know it was circulated throughout South Jersey since I read it at my home in Audubon, New Jersey.

5. I do not remember the exact Talk Show but I do know that it was either radio or T.V., and that I listened to it while at my home when it was discussed and knew it was being performed at the Germantown Hospital.

The above statement is true to the best of my knowledge, information and belief.

On October 8, 1981, the district court denied defendants' motions and certified the issue for an immediate appeal pursuant to 28 U.S.C. § 1292(b). Defendants filed an appeal from that order.

During the course of preparing for the appeal, it was discovered that defendants had never received a copy of the affidavit submitted by plaintiff to the trial court in opposition to defendants' motions to dismiss. On appeal, defendants contend that, had they received that affidavit, they would have called into dispute a number of the facts asserted by plaintiff. Dr. Funch would have submitted an affidavit stating that he had never advertised in the mass media in New Jersey or anywhere else, and that he had never solicited any business in New Jersey. Roger Sammons, the Assist-

ant Vice President for Medical Review Services at Germantown Hospital and Medical Center, would have submitted an affidavit stating that Germantown Hospital had never advertised in any publication circulated in southern New Jersey, and that "any media coverage regarding the Stop Smoking Clinic [would have been] offered by the media because the treatment was, in their opinion, newsworthy."

Plaintiff relies on her affidavit to support in personam jurisdiction over the defendants in this case. Defendants, had they known of these allegations, would have filed affidavits denying the allegations upon which plaintiff relies. The existence of personal jurisdiction depends upon the nature and extent of the contacts of defendants with New Jersey. *See, e.g., World-wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291–94, 100 S.Ct. 559, 564–565, 62 L.Ed.2d 490 (1980); *Hanson v. Denckla,* 357 U.S. 235, 250–55, 78 S.Ct. 1228, 1237–1240, 2 L.Ed.2d 1283 (1958); *Hendrickson v. Reg O Co.,* 657 F.2d 9 (3d Cir. 1981). *See also Scheidt v. Young,* 389 F.2d 58 (3d Cir. 1968) (facts similar to those in this case; no personal jurisdiction). Because the facts surrounding defendants' contacts with New Jersey are in dispute, we will vacate the trial court's denial of defendants' motion to dismiss and remand this case for factfinding and further proceedings.[2]

For the foregoing reasons, we will vacate the trial court's denial of defendants' motion to dismiss and remand this case for further proceedings.

---

2. At oral argument, all parties agreed to the propriety of a remand for further proceedings which would include, but not be limited to, discovery on the subject of defendants' contacts with New Jersey.