Frances K. WRIGHT and
Joseph Wright

v.

AMERICAN STANDARD, INC. and
Ramspring, Ltd. Partnership, t/a
Springfield Hilton Inn.

No. 84–3784.

United States District Court,
E.D. Pennsylvania.

June 12, 1985.

Jerrold V. Moss, Philadelphia, Pa., for plaintiffs.

John F. Dougherty, Jr., Philadelphia, Pa., for American Standard, Inc.

Michael Saltzburg, Philadelphia, Pa., for Ramspring Ltd., Partnership, t/a Springfield Hilton Inn.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before this court is defendant Ramspring, Ltd. Partnership's [1] (Ramspring) motion to dismiss plaintiffs' second amended complaint and defendant American Standard, Inc.'s cross-claim. Ramspring contends that this court lacks personal jurisdiction over it thus making this motion pursuant to Fed.R.Civ.P. 12(b)(2). Additionally defendant Ramspring motions this court to amend its scheduling order of November 13, 1984, to allow the discovery deadline to be extended to 45 days following the court's ruling upon the motion to dismiss. For the reasons stated below I will dismiss the plaintiff's second amended complaint as against defendant Ramspring for lack of *in personam* jurisdiction; therefore the motion to amend the scheduling order must be dismissed as moot.

Once there has been a challenge to *in personam* jurisdiction the burden of proof is on the plaintiff to establish that the court properly has jurisdiction over those parties who challenge it. *In Re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 398 (E.D.Pa.1981). Defendant Ramspring, a partnership, owns and operates a Hilton Hotel Franchise (Hilton) in Springfield, Virginia. Ramspring contends that it does not have sufficient contacts with the Commonwealth of Pennsylvania for this court to exercise jurisdiction over it. Defendant Ramspring has submitted for my consideration of the motion to dismiss, an affidavit of its general partner Fred G. Williams (Williams). Williams avers, *inter alia*, that Ramspring has no office or place of business within the Com-

---

**1.** Trading as Springfield Hilton Inn, and will be used interchangeable with Ramspring.

monwealth of Pennsylvania; it is not registered to do business within the Commonwealth; it has no sales representative within the Commonwealth; it does not ship goods into the Commonwealth; it has not contracted for supplies or services within the Commonwealth; it has not solicited or advertised for business within the Commonwealth; it does not have a license nor has it applied for a license within the Commonwealth; it has not violated any laws within the Commonwealth; it has not consented to jurisdiction of this court.

In response to defendant's motion to dismiss for lack of personal jurisdiction, and the affidavits of Williams, plaintiffs have submitted the deposition of Joseph Herman Rice (Rice), general manager of the Springfield Hilton. Rice stated during his deposition that the franchiser Hilton Inns Incorporated (franchiser) handles bookings for the Springfield Hilton through franchiser's offices in Philadelphia and Pittsburgh. Because of this, plaintiffs contend that Ramspring has an agent, namely the franchiser's offices, in Pennsylvania. Rice testified at his deposition that the franchiser provided some supervision to the Springfield Hilton operation in accordance with the franchise agreement. Rice further stated that while Ramspring's advertising generally was focused in the Washington D.C. metropolitan area they did advertise in the "Hotel-Motel Red Book" (Hotel National Directory) which is distributed nationally to travel agents. Plaintiffs submitted an affidavit of plaintiff Joseph Wright, in which he averred that his secretary used the Hotel National Directory to contact the Springfield Hilton to make reservations. When plaintiffs visited the Springfield Hilton in fulfillment of their obligation of their reservations, plaintiff Frances Wright fell in the bathtub and was allegedly injured. It is this alleged injury and, *inter alia,* the alleged negligence of the defendant Ramspring in keeping their tubs in a slippery condition which is the gravamen of plaintiff's action.

■ Because the matter before the court is based upon diversity, this court is bound by Pennsylvania law as it is framed within due process under the United States Constitution. The first argument plaintiffs offer is that the defendant Ramspring conducts continuous business within Pennsylvania and, therefore, under the Pennsylvania long arm statute, this court has jurisdiction. Plaintiffs rely specifically upon 42 Pa.Cons.Stat.Ann. § 5301 (Purdon Supp. 1985) which states in pertinent part:

[ (a) ](3) Partnerships, limited partnerships, partnership associations, professional associations, unincorporated associations and similar entities.—

. . . . .

(iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

(b) Scope of jurisdiction.—When jurisdiction over a person is based upon this section any cause of action may be asserted against him, whether or not arising from acts enumerated in this section. . . .

The fact that defendant's franchiser has two business offices within the Commonwealth of Pennsylvania alone cannot fulfill the requirement of "continuous and systematic part of its general business." However, plaintiffs argue that the franchiser is Ramspring's "business agent."

■ "Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and *subject to his control,* and consent by the other so to act." RESTATEMENT OF THE LAW OF AGENCY § 1(1) (1933). Nowhere has plaintiff brought to the attention of the court facts which establish that the franchiser acted under the control of the franchisee. Converse to plaintiffs' argument, Rice testified at times the franchiser provided some supervision to the franchisee. Accordingly plaintiffs have not sustained their burden of showing that the franchiser is a business agent of Ramspring. What plaintiffs have established is that there is a contractual relationship between the franchiser to provide a service to Ramspring. Rice stated during his deposition that very

little of Ramspring's business came from outside metropolitan Washington D.C. Without more, plaintiffs have not established that a continuous and systematic portion of Ramspring's general business came through contacts with Pennsylvania. In accordance with 42 Pa.Cons.Stat.Ann. § 5301 *supra*, this court cannot exercise general personal jurisdiction over defendant Ramspring.

 Where a defendant does not have a continuing relationship with a jurisdiction so as to permit a court to exercise general jurisdiction over the defendant, the court must examine the contacts the defendant does have with the forum in relationship to the cause of action to determine if personal jurisdiction over the defendant may be exercised. *Dollars Saving Bank v. First Security Bank of Utah*, 746 F.2d 208, 211 (3d Cir.1984). While a state need not permit its courts to exercise personal jurisdiction to the outer limits of the constitutional permissible bounds, Pennsylvania does. Title 42 Pa.Cons.Stat.Ann. § 5322(b) (Purdon 1981) states:

> (b) Exercise of full constitutional power over nonresidents.—In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

The plaintiffs produced, through affidavit and deposition, the facts that defendant Ramspring has advertised in a National Hotel Directory, and they have a contract with the franchiser who accepts hotel reservations for Ramspring through the franchiser's Philadelphia and Pittsburgh offices. Furthermore, plaintiffs by affidavit state that they relied upon the National Directory to make their reservations with defendant Ramspring "trading as" Springfield Hotel. In *Scheidt v. Young*, 389 F.2d 58 (3d Cir.1968) plaintiffs, citizens of New Jersey, were paying guests of defendants' lodge in Pennsylvania in which one of the plaintiffs suffered an injury from the purported negligence of defendants. Plaintiffs brought suit in the United District Court for the District of New Jersey; defendants contended that the court could not exercise personal jurisdiction over them. In response to the motion plaintiffs relied upon the following facts to support their contention that the court did have jurisdiction. Defendants advertised their lodge in a New Jersey paper which was generally circulated in New Jersey. One of these advertisements included defendants' Pennsylvania telephone number to make reservations. After seeing the advertisement plaintiffs did telephone and make reservations. A condition for acceptance of the reservations was that plaintiffs wire a deposit from New Jersey to defendants which they did. The Third Circuit in ruling in this matter acknowledged that the New Jersey long arm statute extended its personal jurisdictional power to the outer limits of due process protection. Indeed, the long arm statute in *Scheidt* was the same as in the matter before me in that both allowed the state the broadest interpretation of personal jurisdiction allowed under the Constitution. In *Scheidt* the Third Circuit held:

> These circumstances do not render defendants subject to extraterritorial service of process. Defendants' advertisements in an out of state newspaper circulated in New Jersey, plaintiffs' telephone conversation with them at the Pennsylvania number listed in the advertisements, defendants' receipt of a deposit sent from New Jersey and the visits to New Jersey by representatives of defendants regarding the accident are peripheral occurrences and do not constitute 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' New Jersey therefore did not have the necessary 'minimum contacts' to sustain jurisdiction over the person and service of process required

by due process, and service was properly quashed.

The judgment of the district court will be affirmed.

*Id.* at 60.

In *Oddi v. Mariner-Denver, Inc.,* 461 F.Supp. 306 (S.D.Ind.1978) plaintiff, an Indiana citizen, brought a diversity action against a Denver Hotel, in which plaintiff visited. Defendant, a Colorado corporation, asserted that the court lacked jurisdiction over it since it did not have sufficient contacts with Indiana. The court interpreted the Indiana long arm statute as extending to the courts of Indiana the outer limits of personal jurisdiction which is permissible under the due process clause of the Constitution. In that respect the long arm statute is the same as the one now before this court.

The court in *Oddi* held that the fact that other franchisees were found in both Indiana and Colorado would not in itself provide a personal jurisdictional basis for the United States District Court in Indiana to have jurisdiction over the Denver defendants. *Id.* at 310.[2]

For all these reasons I find that plaintiffs here have not demonstrated that defendant has sufficient contacts with the Commonwealth of Pennsylvania. Thus, this court does not have personal jurisdiction over defendant Ramspring.

---

**2.** I am cognizant of the fact that often times "a trial court seeking to determine whether it may constitutionally exercise *in personam* jurisdiction over a non-resident defendant can derive only limited help from previously decided cases, since the constitutional inquiry is often shaped by particular facts that the conclusions drawn from one setting are rarely transferable to another." *Strick Corporation v. A.J.F. Warehouse Distributors, Inc.,* 532 F.Supp. 951, 954–55 (E.D. Pa.1982). Accordingly, I have carefully weighed defendants' contacts with fair play and substantial justice, *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), defendant's expectation in being haled into court in Pennsylvania, *World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), precedent within the Third Circuit and decisions of other United States District Courts.