Janice DECKER and Robert
Decker, Plaintiffs,

v.

CIRCUS CIRCUS HOTEL, John Doe
and ABC Company, Defendants.

No. CIV. 97–1848(WHW).

United States District Court,
D. New Jersey.

May 12, 1999.

Jack L. Wolff, Morristown, NJ, for plaintiffs Janice and Robert Decker.

Mark T. McMenamy Bressler, Amery & Ross, PC, Morristown, NJ, for defendant Circus Circus Hotel.

## OPINION

WALLS, District Judge.

This matter comes before the Court on the motion of the defendant, Circus Circus Hotel, to dismiss the complaint of Janice and Robert Decker for lack of personal jurisdiction and for improper venue pursu-ant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and to quash service of process, or, in the alternative, to transfer this action to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a). The Court decides this motion without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. This action will be transferred to the District of Nevada pursuant to 28 U.S.C. § 1406(a).

### Background

The plaintiffs, Janice and Robert Deck-er, are New Jersey residents who have brought a personal injury action against the defendant Circus Circus Hotel, a Ne-vada corporation with its only place of business in Las Vegas, Nevada, for inju-ries arising from an alleged negligent con-dition on the defendant's premises. This complaint was originally filed in the Supe-rior Court of New Jersey, Law Division, Morris County alleging negligence and seeking recovery for personal injuries. However, the defendant removed the ac-tion to this Court. In lieu of answering the complaint the defendant filed a motion to dismiss the complaint for lack of person-al jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), and to quash or, in the alternative, to transfer venue to the United States Dis-trict Court for the District of Nevada.

### Discussion

**A. Applicable Law**

■ Pursuant to Federal Rule of Civil Procedure 4(e), federal "district courts have personal jurisdiction over non-resi-dent defendants to the extent authorized under the law of the forum state in which the district court sits." *See Sunbelt Corp. v. Noble, Denton & Associates, Inc.*, 5 F.3d 28, 31 (3d Cir.1993). New Jersey's long arm statute provides for personal jurisdic-tion as far as is permitted by the Four-teenth Amendment to the United States Constitution. *See N.J. Ct. R. 4:4–4; Car-teret Savings Bank, FA v. Shushan*, 954

F.2d 141, 145 (3d Cir.1992); *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280, 284 (3d. Cir.1981). Therefore, the question of whether this Court has jurisdiction over the defendant is determined by federal constitutional law. *See Mesalic v. Fiberfloat Corp.,* 897 F.2d 696, 698 (3d. Cir. 1990).

■ The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)). It is the burden of the plaintiff to prove that the defendant has purposefully availed himself of the forum state. *See Burke v. Quartey,* 969 F.Supp. 921, 924 (D.N.J.1997).

■ To prove that the defendant has purposefully availed himself of that state, a plaintiff may rely upon a defendant's specific contacts with the forum state. Personal jurisdiction pursuant to such contacts is known as specific jurisdiction. Specific jurisdiction is invoked when a claim is related to or arises of out the defendant's contacts with the forum. *See, Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984); *Dollar Sav. Bank v. First Security Bank of Utah,* 746 F.2d 208, 211 (3d Cir.1984). A court must first determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into court there." *World–Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (citations omitted). What constitutes minimum contacts varies with the "quality and nature of defendant's activity." *Hanson,* 357 U.S. at 253, 78 S.Ct. at 1240. In assessing the sufficiency of minimum contacts for personal jurisdiction, the court must focus on the "relationship among the defendant, the forum and the litigation." *Keeton v. Hustler,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). Otherwise stated, there must be at least "a single deliberate contact" with the forum state that relates to the cause of action. *United States Golf Ass'n v. United States Amateur Golf Ass'n,* 690 F.Supp. 317, 320 (D.N.J.1988). The unilateral acts of the plaintiff, however, will not amount to minimum contacts. *Helicopteros,* 466 U.S. at 414, 104 S.Ct. 1868; *Hanson,* 357 U.S. at 253, 78 S.Ct. at 1240.

■ Second, assuming minimum contacts have been established, a court may inquire whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corporation.v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *International Shoe Company v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); *Pennzoil Products Co. v. Colelli & Assoc., Inc.,* 149 F.3d 197, 201 (3d Cir.1998). For personal jurisdiction to comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state. *See World–Wide Volkswagen, Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). To determine reasonableness, a court considers the following factors: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering substantive social policies. *Id.* (internal quotation marks omitted). Only in "rare cases [do the] minimum requirements inherent in the concept of fair play and substantial justice ... defeat the reasonableness of jurisdiction even [though] the defendant has purposefully engaged in forum activities." *Asahi Metal Industry*

Co., Ltd. v. Superior Court of Cal., Solano County, 480 U.S. 102, 116, 107 S.Ct. 1026, 1034, 94 L.Ed.2d 92 (1987) (internal quotation marks omitted).

█ If the plaintiff cannot establish specific jurisdiction, a court may exercise general jurisdiction over the defendant if the defendant has maintained "continuous and systematic contacts" with the forum state. *Helicopteros,* 466 U.S. at 416, 104 S.Ct. at 1873. To establish general jurisdiction the plaintiff must show significantly more than mere minimum contacts with the forum state. *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir.1987). Moreover, the facts required to establish general jurisdiction must be "extensive and persuasive." *Reliance Steel Prods. v. Watson, Ess, Marshall,* 675 F.2d 587, 589 (3d Cir. 1982).

**B. Personal Jurisdiction**

Plaintiffs allege that the defendant Circus Circus Hotel has sufficient contacts with New Jersey to allow this Court to exercise in personam jurisdiction over the defendant and points to the following facts: (1) the defendant has had one television advertisement which consisted of a single spot that aired on a national cable network in the New York–New Jersey metropolitan area; (2) the defendant advertises in national magazines and newspapers such as USA Today, People Magazine, and various other travel magazines which are distributed nationwide; (3) the defendant mails promotional material to former guests in New Jersey and those New Jersey citizens who directly request information from it; (4) the defendant has an Internet site where customers can make reservations; (5) the defendant's sister corporation, Circus Circus New Jersey, Inc. has filed for a gaming license with the New Jersey Casino Control Commission; and (6) the defendant's parent corporation, Circus Circus Enterprises, Inc., has filed a breach of contract suit in New Jersey. The defendant claims that these contacts

are too tenuous for this Court to exercise specific or general personal jurisdiction over the defendant. The defendant further argues that specific jurisdiction over it is unwarranted because this cause of action did not arise out of nor is it related to any of the defendant's tenuous contacts to New Jersey. General jurisdiction is also unwarranted, the defendant contends, because the actions of the defendant's parent or subsidiary are wholly irrelevant, and because a national media campaign, an Internet site, and informational mailings to former customers do not amount to systematic and continuous contacts.

**1. General Jurisdiction**

█ Initially, this Court rejects the plaintiffs' contention that the actions of the defendant's parent or sister corporation could be the basis for personal jurisdiction in this matter. It is irrelevant that Circus Circus Enterprises, Inc. has engaged in litigation in New Jersey. It is also irrelevant to our analysis that Circus Circus New Jersey, Inc. has applied for a gaming license from the New Jersey Casino Control Commission. This Court will not disregard the existence of separate corporate entities save some evidence that the defendant subsidiary is dominated or controlled by the parent corporation—no such evidence exists in the record. The Third Circuit has advised that "a rule which imposes liability on a corporation which never exercised its general authority over its subsidiary ... may unduly penalize the corporation ..." *Lansford–Coaldale Joint Water Authority v. Tonolli Corp.,* 4 F.3d 1209, 1221 (3d Cir.1993); *see also, Culbreth v. Amosa (Pty) Ltd.,* 898 F.2d 13, 14 (3d Cir.1990) (holding that party seeking to pierce corporate veil must establish that controlling corporation wholly ignored separate status of controlled corporation and so dominated and controlled its affairs that separate existence was a mere sham).

█ Personal jurisdiction can be exercised over a defendant which maintains an Internet site where customers can transact

business. *See, CompuServe, Inc. v. Patterson,* 89 F.3d 1257 (6th Cir.1996); *Weber v. Jolly Hotels,* 977 F.Supp. 327 (D.N.J. 1997); *Zippo Mfg. Co. v. Zippo Dot Com, Inc.* 952 F.Supp. 1119 (W.D.Pa.1997). A court may exercise personal jurisdiction over a defendant based on the existence of an Internet site in two situations: (1) where the site is used to actively transact business; and (2) where a user can exchange information with the host computer. In the first situation, the court will exercise personal jurisdiction because the defendants are "enter[ing] into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet." *CompuServe,* 89 F.3d at 1264, *quoted in, Zippo,* 952 F.Supp. at 1124. In the second circumstance, the exercise of personal jurisdiction is determined by "examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Zippo,* 952 F.Supp. at 1124 (citing *Maritz, Inc. v. Cybergold, Inc.,* 947 F.Supp. 1328 (E.D.Mo.1996)).

■■■ With regard to the defendant's Internet site, the plaintiffs' attorney attached a copy of printed pages from that site to his affidavit in this matter. From those pages it is clear that any customer can reserve a room through the Web site. This activity is certainly commercial in nature. Moreover, by making reservations available on the Internet, the defendants have effectively placed their hotel and its services into an endless stream of commerce. Under the "stream of commerce" theory, a forum state may exercise jurisdiction over a non-resident corporation "that delivers its product into the stream of commerce with expectation that they will be purchased by consumers in the forum state." *World–Wide Volkswagen,* 444 U.S. at 298, 100 S.Ct. 559.

However, the defendant's Internet site contains a forum selection clause requiring that by making a reservation over the Internet, customers agree to have their disputes settled in Nevada state and federal courts. This forum selection clause ought to be enforced. *See Carnival Cruise Lines v.Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). "A clause establishing ex ante the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Carnival,* 499 U.S. at 593–94, 111 S.Ct. 1522 (citing *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 33, 108 S.Ct. 2239, 2246, 101 L.Ed.2d 22 (concurring opinion)). This Court will not exercise personal jurisdiction over the defendant based on the maintenance of its Internet site.

■■■ What remains to establish the requisite contacts to the forum state are (1) a television advertisement which consisted of a single spot that aired on a national cable network in the tri-state area, (2) advertisements in national magazines and newspapers such as USA Today, People Magazine, and other travel magazines, and (3) the mailing of promotional material to former guests in New Jersey and New Jersey citizens who directly request information from the defendant.

National advertising and the mailing of information to former guests and those who request it, without more, is not enough to establish minimum contacts to the forum state. *See Gehling v. St. George's School of Medicine Ltd.,* 773 F.2d 539, 542 (3d Cir.1985); *Scheidt v. Young,* 389 F.2d 58, 60 (3d Cir.1968); *cf. Giangola v. Walt Disney World Co.* 753 F.Supp. 148, 156 (D.N.J.1990)(denying personal jurisdiction even where defendant placed advertisements in local newspapers and plaintiff relied on those ads); *Rutherford v. Sherburne Corp.,* 616 F.Supp. 1456 (D.N.J.1985)(finding personal jurisdiction where defendant advertised in four forum

newspapers and where a "substantial number" of patrons haled from the forum state). In the instant case, the record does not reflect that the defendant ever specifically targeted New Jersey for its advertisements. The defendant maintains no offices in New Jersey, does not own any property in New Jersey, has no phone book or yellow page listings in New Jersey, and has no bank accounts in New Jersey. Nor does it incur or pay taxes in New Jersey. Additionally, defendant does not have any agents in New Jersey authorized to receive service of process on its behalf. Defendant does not, and is not authorized to, conduct business in New Jersey—defendant has no plans to obtain such authorization; defendant has never advertised in any local New Jersey newspaper or publication. Defendant has never advertised on local television stations in New Jersey.

Our Third Circuit has refused to find personal jurisdiction even when the contacts to the forum state are much stronger than those here. In *Gehling*, the Third Circuit refused to exercise personal jurisdiction over a West Indies medical school for a negligence and breach of contract claim even when the defendant college had placed advertisements in non-Pennsylvania newspapers circulated throughout Pennsylvania, six percent of the college's students came from Pennsylvania, Pennsylvania residents annually paid several hundreds of thousands of dollars in tuition, and even where the college directly sent a letter of acceptance to a prospective student. *Gehling*, 773 F.2d at 542–43. Furthermore, it has been clearly held by this Circuit that advertising in national or international newspapers or magazines does not constitute "continuous and substantial" contacts with the forum state. *See Reliance Steel Products v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir.1982).

■ As said, a party must have purposefully availed itself of the laws of the forum state. *See Burger King Corp.*, 471 U.S. at 475, 105 S.Ct. 2174; *Keeton*, 465 U.S. at 774, 104 S.Ct. 1473; *World–Wide Volkswagen Corp.*, 444 U.S. at 299, 100 S.Ct. 559. Also, the plaintiffs must show with reasonable particularity, the nature and extent of the defendant's contacts with the forum state so as to permit this Court to exercise its in personam jurisdiction over the defendant. *Gehling*, 773 F.2d at 542. The plaintiffs have not met their burden. The facts here do not meet this constitutionally required standard for a finding of in personam jurisdiction. From the present record, it appears as though plaintiffs assert that their unilateral act of going to Nevada is enough to invoke jurisdiction: the unilateral acts of the plaintiffs will not amount to minimum contacts. *Helicopteros*, 466 U.S. at 414, 104 S.Ct. 1868; *Hanson*, 357 U.S. at 253, 78 S.Ct. at 1240. This Court constitutionally cannot exercise general personal jurisdiction over the defendant in this matter because the plaintiffs have not shown that the defendant has the requisite contacts with New Jersey.

### 2. Specific Jurisdiction

■ To establish specific jurisdiction, we must, initially, determine if this cause of action arose out of or is related to the defendant's above contacts with New Jersey. The record does not reflect precisely how the plaintiffs came to know of the Circus Circus Hotel in Las Vegas or how they came to make their vacation reservations. Plaintiffs have not alleged that they received promotional mailings from defendant, that they viewed defendant's television, newspaper, or magazine advertisements, or that they communicated to defendant through its Internet site. However, assuming that this litigation is related to one of the defendant's aforementioned contacts to the forum state, this Court cannot exercise its in personam jurisdiction because the defendant lacks the requisite minimum contacts with New Jersey.

Plaintiffs have failed to demonstrate facts sufficient for this Court to exercise personal jurisdiction. The burden to produce actual evidence of the defendant's contacts with the forum state rests on the plaintiffs. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 (3d. Cir.); *see also Stranahan Gear Co., Inc. v. NL Industries, Inc.*, 800 F.2d 53, 58 (3d. Cir.)(cursory allegation reiterated in a sworn affidavit is insufficient to satisfy the plaintiff's burden of proof). The plaintiffs have not met this burden.

Plaintiffs have not established that defendant has the minimum contacts with New Jersey necessary for specific personal jurisdiction. As stated, defendant's national advertising was not purposefully directed at New Jersey. The forum selection clause in defendant's Web site demonstrates that it could not reasonably anticipate being haled into court in New Jersey. Moreover, plaintiffs have not alleged that their action arises out of any of defendant's tenuous contacts with this state. This Court has neither general nor specific jurisdiction over the defendant.

### C. Transfer of Venue to the District of Nevada

Finding a lack of personal jurisdiction, this matter will be transferred to the District of Nevada pursuant to 28 U.S.C. § 1406(a). Dismissal would be burdensome and worthless in light of the inevitable re-filing of this action in Nevada where jurisdiction and venue clearly lie. Even without personal jurisdiction over the defendant, this Court transfers this action to the Federal District Court for the District of Nevada. *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 465, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Gehling v. St. George's School of Medicine,* 773 F.2d 539, 542, 544 (3d. Cir.1985).

### *Conclusion*

The Court finds that it may not exercise personal jurisdiction over the defendant in this matter. This matter is hereby transferred to the District of Nevada pursuant to 28 U.S.C. 1406(a).

### ORDER

This matter comes before the Court on the motion of the defendant, Circus Circus Hotel, to dismiss the complaint of for lack of personal jurisdiction and for improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and to quash service of process, or, in the alternative, to transfer this action to the United States District Court for the District of Nevada. Upon consideration of the submissions of the parties, and for the reasons stated in the accompanying opinion,

It is on this day of May, 1999,

ORDERED that this action be transferred to the District of Nevada as this Court does not have personal jurisdiction over the defendant.