ACCEPTED
15-25-00193-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/17/2025 2:20 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00193-CV

IN THE COURT OF APPEALS FOR THE
FIFTEENTH DISTRICT OF TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/17/2025 2:20:08 PM
CHRISTOPHER A. PRINE
Clerk

SERVPRO INDUSTRIES, LLC,

*Appellants*

v.

REED GASKIN AND BRITTANY GASKIN

*Appellees*

ON APPEAL FROM THE 453RD JUDICIAL DISTRICT COURT
OF HAYS COUNTY, TEXAS

## APPELLANT'S BRIEF

Respectfully submitted,

Christopher D. Knudsen
Texas Bar No. 24041268
cknudsen@serpeandrews.com
SERPE ANDREWS, PLLC
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone: (713) 452-4400
Facsimile: (713) 452-4499

*Attorneys for Appellant,*
*Servpro Industries, LLC*

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

In accordance with Rule 38.1(a) of the Texas Rules of Appellate Procedure, Servpro Industries, LLC ("Appellant" or "SIL") provides the following list of parties and counsel to the trial court's judgment that forms the basis of this appeal.

**Appellant Servpro Industries, LLC**

Christopher D. Knudsen, *Appellate and Trial Counsel*
Texas Bar No. 24041268
SERPE ANDREWS, PLLC
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone: (713) 452-4400
Facsimile: (713) 452-4499
Email: cknudsen@serpeandrews.com

**Appellees Reed Gaskin and Brittany Gaskin**

Lawrence Chang, *Appellate and Trial Counsel*
State Bar No. 24072892
CHOATE & ASSOCIATES
13010 N US 183 #104
Austin, Texas 78759
Telephone: (512) 297-9124
Facsimile: (512) 330-0286
Email: Law.Chang@choateaustin.com

**Co-Defendants CTX1 Restoration, LLC d/b/a Servpro of San Marcos and Servpro Franchisor, LLC**

Christopher D. Knudsen, *Trial Counsel*
Texas Bar No. 24041268
SERPE ANDREWS, PLLC
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone: (713) 452-4400

Facsimile: (713) 452-4499
Email: cknudsen@serpeandrews.com

**Co-Defendant Perry Homes, LLC**

James Rudnicki, *Trial Counsel*
State Bar No. 24006148
james@brstexas.com
Roel Garcia, *Trial Counsel*
State Bar No. 24078535
rgarcia@brstexas.com
Jennifer Taylor, *Trial Counsel*
State Bar No. 24102559
jtaylor@brstexas.com
BUSH, RUDNICKI, SHELTON, P.C.
2508 Ashley Worth Blvd., Suite 200
Austin, Texas 78738
Telephone: (512) 263-8408
Facsimile: (512) 263-2562

**Co-Defendant Howard Environmental, LLC**

Christopher L. Johnson, *Trial Counsel*
Texas State Bar No. 24069999
chris@johnson-attorneys.com
Jordan R. Corn, *Trial Counsel*
Texas State Bar No. 24101649
jordan@johnson-attorneys.com
JOHNSON & ASSOCIATES,
ATTORNEYS AT LAW, PLLC
303 East Main Street, Suite 100
League City, Texas 77573
Telephone: (281) 895-2410
Facsimile: (409) 263-1020

**Co-Defendant Argus Environmental Consultants, LLC**

No appearance

**Co-Defendant Radiant Remediation, LLC**

No appearance

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ............................................................. ii

TABLE OF CONTENTS ...................................................................................... v

TABLE OF AUTHORITIES ............................................................................... vi

STATEMENT OF THE CASE ............................................................................ ix

ORAL ARGUMENT .......................................................................................... ix

ISSUE PRESENTED .......................................................................................... ix

STATEMENT OF FACTS ................................................................................... 1

SUMMARY OF THE ARGUMENT .................................................................... 3

ARGUMENT & AUTHORITY ........................................................................... 4

I.     STANDARD OF REVIEW ................................................................... 4

II.    THE TRIAL COURT ERRED BY DENYING SIL'S
SPECIAL APPEARANCE .................................................................. 5

    A.    Federal Due Process Must Be Satisfied To
Exert Personal Jurisdiction ....................................................... 5

    B.    Texas Rule Of Civil Procedure 120a ........................................ 6

    C.    SIL Does Not Have Sufficient "Minimum Contacts"
With Texas .................................................................................. 7

        1.    The trial court lacks general jurisdiction over SIL ...... 8

        2.    The trial court lacks specific jurisdiction over SIL
because SIL has not performed any conduct related
to the allegations in this lawsuit ................................. 12

CONCLUSION & PRAYER ............................................................................... 14

CERTIFICATE OF COMPLIANCE ................................................................... 15

CERTIFICATE OF SERVICE ........................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*American Type Culture Collection, Inc. v. Coleman*,
83 S.W.3d 801 (Tex. 2002) ...................................................................................5

*BMC Software Belgium, N.V. v. Marchand*,
83 S.W.3d 789 (Tex. 2002) ...................................................................................4

*Bristol-Myers Squibb Co. v. Super. Ct. of California, San Francisco Cnty.*,
582 U.S. 255 (2017) ............................................................................................12

*Burger King v. Rudzewicz*,
471 U.S. 462 (1985) ............................................................................................13

*Chufen Chen v Dunkin' Brands, Inc.*,
954 F.3d 492 (2d. Cir. 2020) .........................................................................10, 11

*CSR Ltd. v. Link*,
925 S.W.2d 591 (Tex. 1996) ..............................................................................5, 6

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .....................................................................................7, 9, 10

*Ennis v. Loiseau*,
164 S.W.3d 698 (Tex. App.—Austin 2005, no pet.)...........................................4

*Fidrych v Marriott Int'l, Inc.*,
952 F.3d 124 (4th Cir. 2020) ..............................................................................10

*Fields v. Ramada Inn, Inc.*,
816 F. Supp. 1033 (E.D. Penn. 1993)..............................................................10, 11

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
564 U.S. 915 (2011) ...........................................................................................7, 9

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) ...........................................................................................5, 8

*Hertz Corp. v Friend*,
559 U.S. 77 (2010). ..............................................................................................9

vi

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ................................................................5, 8

*Kelly v. General Interior Construction, Inc.*,
    301 S.W.3d 653 (Tex. 2010) ................................................................6

*Labranche v. Embassy Suites, Inc.*,
    1999 WL 39519 (E.D. La. 1999)................................................................11

*Madden v. Petland Summerville, LLC*,
    2021 WL 5770294 (D. S.C. 2021) ................................................................10

*Milliken v. Meyer*,
    311 U.S. 457 (1940) ................................................................8

*Nichols v. G.D. Searle & Co.*,
    991 F.2d 1195 (4th Cir. 1993)................................................................11

*Nutt v. Best Western International*,
    2016 WL 6780708 (M.D. Pa. 2016)................................................................10, 11

*O'Brien v. Lanpar Co.*,
    399 S.W.2d 340 (Tex.1966) ................................................................13

*Oddi v. Mariner-Denver, Inc.*,
    461 F. Supp. 306 (S.D. Ind. 1978) ................................................................10

*Roman v. Affinity Worldwide, LLC*,
    2020 WL 8339208 (W.D. Mo. 2020)................................................................10

*Walden v. Fiore*,
    571 U.S. 277 (2014) ................................................................8, 12

*Western Technologies, Inc. v. Omnivations II, LLC*,
    583 S.W.3d 786 (Tex. App.—El Paso 2019, no pet.) ................................................................6

*Wright v. American Standard, Inc.*,
    637 F. Supp. 241 (E.D. Penn. 1985)................................................................10

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ................................................................8

**Statutes & Rules:**

Tex. Civ. Prac. & Rem. Code Ann. § 17.042(1) ................................................................5

TEX. CIV. PRAC. & REM. CODE § 51.014(a)(7) ........................................................ vii

TEX. R. CIV. P. 120a ........................................................................................6

## STATEMENT OF THE CASE

*Nature of the Case:*     Plaintiffs Reed and Brittany Gaskin ("Appellees") brought this lawsuit against Defendants Argus Environmental Consultants, LLC, Radiant Remediation, LLC, Howard Environmental, LLC, Servpro Industries, LLC and CTX1 Restoration, LLC d/b/a Servpro of San Marcos alleging negligent mold remediation at their house located at 965 Blue Oak Boulevard, San Marcos, Texas. Appellees assert causes of action for violation of the Texas Deceptive Trade Practices Act, negligence, gross negligence, and conspiracy.

*Course of Proceedings:*     Appellant filed a Special Appearance and Motion to Dismiss for Lack of Personal Jurisdiction. CR 22, 115.

*Trial Court Disposition:*     The trial court denied Appellant's Special Appearance and Motion to Dismiss for Lack of Personal Jurisdiction. CR 360; Appx. A. Appellant subsequently filed this interlocutory appeal pursuant to section 51.014(a)(7) of the Texas Civil Practices & Remedies Code. CR 364.

## ORAL ARGUMENT

Appellant requests oral argument. Appellant believes that oral argument will assist the Court in considering the arguments of the parties.

## ISSUE PRESENTED

Whether the trial court erred in denying Servpro Industries, LLC's Special Appearance and Motion to Dismiss for Lack of Personal Jurisdiction.

IN THE COURT OF APPEALS FOR THE
FIFTEENTH DISTRICT OF TEXAS

SERVPRO INDUSTRIES, LLC,

*Appellants*

v.

REED GASKIN AND BRITTANY GASKIN

*Appellees*

ON APPEAL FROM THE 453RD JUDICIAL DISTRICT COURT
OF HAYS COUNTY, TEXAS

**APPELLANT'S BRIEF**

TO THE HONORABLE JUSTICES OF THE FIFTEENTH COURT OF APPEALS:

Appellant Servpro Industries, LLC files this appeal from an order denying its Special Appearance and Motion to Dismiss for Lack of Personal Jurisdiction in Cause No. 25-0760-DCE, *Reed Gaskin and Brittany Gaskin v. Argus Environmental Consultants, LLC, et al.*, in the 453rd Judicial District Court of Hays County, Texas, before the Honorable Judge Sherri K. Tibbe.

**STATEMENT OF FACTS**

Appellees Reed and Brittany Gaskin ("Appellees") brought this lawsuit against Defendants Argus Environmental Consultants, LLC, Radiant Remediation,

LLC, Howard Environmental, LLC, Servpro Industries, LLC ("SIL") and CTX1 Restoration, LLC d/b/a Servpro of San Marcos ("CTX1"), incorrectly named D.I. Management, LLC d/b/a San Marcos Servpro Enterprises, LLC,[1] alleging negligent mold remediation at their house located at 965 Blue Oak Boulevard, San Marcos Texas 78666 ("the house").

In their Petition, Appellees allege they purchased the house from Defendant Perry Homes, LLC ("Perry") in September 2022 and that, after purchasing of the house, they discovered mold. CR 39. The Petition further alleges that Perry contracted with CTX1 to perform mold remediation, and CTX1's remediation was negligent. CR 39. Finally, the Petition alleges that SIL is vicariously liable for CTX1's alleged negligence. CR 40.

CTX1 is a franchisee of Servpro Franchisor, LLC ("SFL"), which is a franchisor of fire and water damage remediation companies throughout the Country. CR 47. SIL is the manager of SFL. CR 46. SIL is incorporated in Nevada and based in Tennessee. CR 47. SIL and SFL do not directly provide fire and water damage remediation services to the general public. CR 47.

SIL never entered into a contract to perform and never performed any work at Appellees' house in Texas. CR 48. SIL has never been retained to act as, and has

---

[1] The Petition was served on CTX1. CTX1 is unaware of how Appellees came to believe that CTX1's corporate name is D.I. Management, LLC d/b/a San Marcos Servpro Enterprises, LLC, which it is not.

never acted as, a general contractor, contractor, or subcontractor regarding Appellees' house in Texas. CR 48.

According to the Authorization to Perform Services and Direction of Payment contract ("the contract"), CTX1 contracted with Perry on August 29, 2023 to perform certain services at the house. CR 48, 95–96. Paragraph 1 of the Terms and Conditions of Service in the contract states that CTX1 is a franchise and that SIL is not a party to the contract:

> The SERVPRO Franchise identified on the front of this Contract (the "Provider") is an independent contractor who agrees to perform the services identified on the front of this Contract (the "Services") … Servpro Industries, Inc., the Franchisor, is not a party to any agreement with Client, is not a guarantor of the Provider's Services, and is not subject to liability arising out of such Services.

CR 96 (emphasis added).

Here again, SFL is the franchisor of CTX1. The relationship between SFL and CTX1 is governed by the Franchise License Agreement they entered into in July 2022. CR 47, 50–94. CTX1 is an independently owned and operated Servpro franchisee. CR 47. SIL and SFL do not own, operate, or control CTX1. CR 47. SIL and SFL do not control the day-to-day operations of CTX1. CR 47.

## SUMMARY OF THE ARGUMENT

Appellees cannot show that SIL engaged in any conduct or has contacts with Texas necessary to support the exercise of personal jurisdiction by Texas courts on

either a general or specific jurisdiction basis. In the first instance, SIL is not a Texas corporation and does not have its principal place of business, or any place of business, in Texas. Rather, SIL's contacts with Texas are limited to it being the manager of SFL, which has franchisees in Texas. It is well established that having franchisees in a state is not grounds for personal jurisdiction against the franchisor. Finally, SIL has absolutely no connection whatsoever to Appellees' claims in this action as they involve alleged negligent mold remediation, which SIL did not have any contractual relation to, and did not perform, direct, control, supervise or have any involvement or play any role in.

## ARGUMENT & AUTHORITY

### I. STANDARD OF REVIEW.

A trial court's denial of a special appearance is reviewed under a mixed standard of review. *Ennis v. Loiseau*, 164 S.W.3d 698, 706 (Tex. App.—Austin 2005, no pet.) (citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002)). The appellate court defers to the trial court's resolution of contested facts so long as the findings are supported by legally and factually sufficient evidence. *Id.* The trial court's application of those facts to the law is reviewed *de novo*. *Id.*

When no findings of fact and conclusions of law are filed by the trial court, as is applicable here, all relevant facts that are necessary to support the judgment and

4

supported by the evidence are implied. *Id.* When the appellate record includes the reporter's record and clerk's record, the implied findings are not conclusive and may be challenged for legal and factual sufficiency. *Id.*

## II.   THE TRIAL COURT ERRED BY DENYING SIL'S SPECIAL APPEARANCE.

### A.   Federal Due Process Must Be Satisfied To Exert Personal Jurisdiction.

Texas courts may not exercise personal jurisdiction over a nonresident defendant unless federal due process requirements and the Texas long-arm statute are satisfied. *See Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002); *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 412–13 (1984); Tex. CIV. PRAC. & REM. CODE ANN. § 17.042(1). "The Texas long-arm statute reaches as far as the federal constitutional requirements of due process will allow." *Coleman*, 83 S.W.3d at 806. "Thus, the Texas long-arm statute requirements are satisfied if exercising jurisdiction comports with federal due process limitations." *Id.* As such, federal court caselaw regarding personal jurisdiction is instructive.

Federal due process requirements are satisfied if (1) the nonresident defendant has "minimum contacts" with Texas; and (2) the exercise of personal jurisdiction over the nonresident defendant does not offend "traditional notions of fair play and substantial justice." *See Helicopteros*, 466 U.S. at 412–13; *CSR Ltd.*, 925 S.W.2d at 594 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The courts

5

examine "minimum contacts" in terms of (1) specific personal jurisdiction; and (2) general personal jurisdiction. *See CSR Ltd.*, 925 S.W.2d at 595.

**B.     Texas Rule Of Civil Procedure 120a**

Under Rule 120a of the Texas Rules of Civil Procedure a party may make a special appearance for the "purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State." TEX. R. CIV. P. 120a. Under Rule 120a(3) of the Texas Rules of Civil Procedure, a "court shall determine the special appearance on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony." *Id.*

Initially, the plaintiff bears the burden to plead sufficient allegations to bring a nonresident defendant within the provisions of the Texas long-arm statute. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010). Once the plaintiff satisfies the initial burden, the defendant challenging jurisdiction has the burden to negate all bases for personal jurisdiction and focus its arguments to allegations in the plaintiff's pleading. *Western Techs., Inc. v. Omnivations II, LLC*, 583 S.W.3d 786, 791 (Tex. App.—El Paso 2019, no pet.).

Personal jurisdiction can be negated on either a factual or legal basis. *Kelly*, 301 S.W.3d at 659. Factually, "the defendant can present evidence that it has no

6

contacts with Texas, effectively disproving the plaintiff's allegations." *Id.* "The defendant may attack the legal basis for personal jurisdiction in any of the following ways: challenging the legal sufficiency of the jurisdictional facts; showing that its contacts do not rise to the level of purposeful availment; for specific jurisdiction, that the plaintiff's claims do not arise from the defendant's contacts; or that the exercise of jurisdiction offends the traditional notions of fair play and substantial justice. If a nonresident defendant has presented evidence to disprove the jurisdictional allegations, the plaintiff must respond with evidence establishing personal jurisdiction over the nonresident defendant." *Id.*

Here, SIL filed a Special Appearance in the trial court requesting dismissal based on a lack of personal jurisdiction over SIL. As set forth below, the trial court committed error in denying the Special Appearance.[2]

### C.    SIL Does Not Have Sufficient "Minimum Contacts" With Texas.

Personal jurisdiction can be either general or specific. *Daimler AG v. Bauman*, 571 U.S. 117 (2014); *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915 (2011). Under either theory, the exercise of jurisdiction must comport with due process. *Goodyear*, 564 U.S. at 919 ("a state court's assertion of jurisdiction exposes defendants to the State's coercive power and is therefore subject to review for

---

[2] SIL previously filed an identical Special Appearance in an action that was pending in Tarrant County District Court seeking dismissal on grounds of lack of personal jurisdiction and the court granted the Special Appearance and dismissed SIL for lack of personal jurisdiction. CR 98–99.

compatibility with the Fourteenth Amendment's Due Process Clause") (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The Due Process Clause precludes a court from exercising jurisdiction over a nonresident defendant unless the defendant has sufficient "minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Intern. Shoe*, 326 U.S. at 316).

Where personal jurisdiction relies on the defendant's "minimum contacts" with the forum state, the extent to which a court can exercise personal jurisdiction over a non-resident defendant depends on the nature and quality of the defendant's contacts with the forum state. In such a case:

> a distinction is made between "specific" [or "limited"] jurisdiction and "general" jurisdiction. Specific jurisdiction exists when "a state exercises personal jurisdiction over a defendant in a suit arising out of or related to defendant's contacts with the forum; a court's general jurisdiction, on the other hand, is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts.

*Helicopteros*, 466 U.S. at 414–16.

### 1. The trial court lacks general jurisdiction over SIL.

An exercise of general personal jurisdiction over a company comports with due process only if its in-state contacts are "so 'continuous and systematic' as to

render [it] essentially at home" in the forum. *Daimler AG*, 571 U.S. at 122 (citing *Goodyear*, 564 U.S. at 919). A company is "essentially at home" in (1) the state where it is incorporated, and (2) the state where it operates its principal place of business. *Goodyear*, 564 U.S. at 924. A corporation's "principal place of business," in turn, is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" and is "normally … the place where the corporation maintains its headquarters." *Hertz Corp. v Friend*, 559 U.S. 77, 92–93 (2010). Although it may be possible that a "corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State," such a case would be "exceptional." *Daimler AG*, 571 U.S. at 139 n.19.

Here, SIL is incorporated in Nevada and maintains its principal place of business in Gallatin, Tennessee. CR 46. As such, SIL simply may not be subjected to general (or all-purpose) jurisdiction in the federal or state courts of Texas.

The contacts Appellees claim SIL has with Texas are no different from those it has with any other state in which SFL franchisees operate. If contacts are the same everywhere, they are exceptional nowhere. *Daimler AG*, 571 U.S. at 139 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business'….").

It is widely accepted that a franchise system like the one reflected by the Franchise Licensing Agreement between SFL and CTX1 does not provide general or specific jurisdiction over the franchisor in every state in which it has franchisees. *See e.g., Fidrych v Marriott Int'l, Inc.*, 952 F.3d 124 (4th Cir. 2020); *Chufen Chen v Dunkin' Brands, Inc.*, 954 F.3d 492 (2d. Cir. 2020); *Madden v. Petland Summerville, LLC*, 2021 WL 5770294, *3 (D. S.C. 2021); *Roman v. Affinity Worldwide, LLC*, 2020 WL 8339208, *5 (W.D. Mo. 2020); *Nutt v. Best Western Int'l*, 2016 WL 6780708, *3 (M.D. Pa. 2016); *Fields v. Ramada Inn, Inc.*, 816 F. Supp. 1033, 1036–39 (E.D. Penn. 1993); *Wright v. American Standard, Inc.*, 637 F. Supp. 241, 244-45 (E.D. Penn. 1985); *Oddi v. Mariner-Denver, Inc.*, 461 F. Supp. 306, 310 (S.D. Ind. 1978).

For example, the U.S. Fourth Circuit Court of Appeals held that general jurisdiction did not exist over Marriott in South Carolina. *Fidrych*, 952 F.3d at 134. This was so even though Marriott had a Certificate of Authority to conduct business in South Carolina, had sixty-three South Carolina franchisees, and licensed or managed twenty-seven other hotels in the state. *Id.* at 128. The Fourth Circuit agreed that Marriott's contacts "certainly qualify as systematic and continuous," but took the final required analytical step to nevertheless find that they were "not substantial enough to 'render [Marriott] essentially at home in [South Carolina].'" *Id.* at 134 (quoting *Daimler AG*, 571 U.S. at 139). As the court observed, "there is nothing that

10

would distinguish Marriott's relationship with South Carolina from its relationship with any of the other states where it does business…." *Id.* The Fidrych court pointed out that a contrary holding "would mean that Marriott would be subject to general jurisdiction in every state where its hotels are located." *Id.* The court further explained that "[t]he Plaintiffs' argument is thus precisely the 'unacceptably grasping' argument rejected by the *Daimler* Court." *Id.*

The Second Circuit Court of Appeals reached the same conclusion <u>despite Dunkin Donuts' nationwide marketing on behalf of franchisees</u>.[3] *Chufen Chen*, 954 F.3d at 500. In *Chufen Chen v. Dunkin Brands, Inc.*, the plaintiffs claimed that New York could exercise general jurisdiction over Dunkin' Donuts because it is "a franchisor with numerous retail establishments in New York" and "governs … and controls nationwide product labeling and advertising." *Id*. The court rejected that contention as inconsistent with Daimler. *Id.* As the court observed, there was "no

---

[3] Here, SIL is the manager of the franchisor SFL. Appellees' primary argument to the trial court was that a franchisor's engaging in nationwide advertising on behalf of its franchisees somehow changes the analysis and confers personal jurisdiction in every state where the franchisor engages in such advertising. That is simply not the case. *See Chufen Chen*, 954 F.3d at 500 (holding that nationwide advertising by a franchisor on behalf of its franchisees is not sufficient to confer personal jurisdiction over the franchisee in every state where it advertises); *Fields*, 816 F. Supp. at 1037-38 (same); *Nutt*, 2016 WL 6780708, *3 (same); *Labranche v. Embassy Suites, Inc.*, 1999 WL 39519, *3 (E.D. La. 1999) (same); *see also Nichols v. G.D. Searle & Co.*, 991 F.2d 1195 (4th Cir. 1993) (stating that advertising activities within a state are not sufficient to confer personal jurisdiction).

showing that the company's relationship with New York was in any way significant or exceptional in relation to the company's nationwide business activity." *Id.*

For the foregoing reasons, SIL simply cannot not be subjected to general (or all-purpose) jurisdiction in the federal or state courts of Texas.

**2. The trial court lacks specific jurisdiction over SIL because SIL has not performed any conduct related to the allegations in this lawsuit.**

In order for a court to exercise specific jurisdiction, "the suit must arise out of or relate to the defendant's contacts with the forum" such that there is "an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Super. Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (internal citations omitted). The due process "inquiry focuses on the relationship among the defendant, the forum and the litigation." *Walden*, 571 U.S. at 283 n.6, 287 (2014) (citation omitted).

"For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284. Appellees must demonstrate (1) that SIL purposefully established contacts with the State of Texas ("purposeful availment"); (2) that their causes of action arise out of or are related to SIL's contacts with Texas; and (3) that the trial court's exercise of personal jurisdiction in this matter comports with recognized

concepts of "fair play and substantial justice" (the "reasonableness" requirement). *See Burger King v. Rudzewicz*, 471 U.S. 462, 477-478 (1985).

The Supreme Court of Texas applies a three-pronged test in determining the constitutional reach of the state's jurisdiction over nonresidents who maintain only a single or few contacts with Texas. To maintain jurisdiction over nonresidents such as SIL:

> (1) the nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

*O'Brien v. Lanpar Co.*, 399 S.W.2d 340, 342 (Tex. 1966)

Appellees must satisfy all three of these requirements in order to establish that this Court has specific jurisdiction over SIL. *Id.* Thus, this Court cannot exercise specific jurisdiction over SIL unless Appellees show a substantial connection between the allegedly tortious conduct and SIL's contacts with Texas.

Here, Appellees cannot satisfy these constitutional requirements. Appellees' claim does not arise out of SIL's conduct within the State of Texas. SIL has never performed work or services at or contracted with an entity or person to perform work or services at the house and SIL employees were never at the house. CR 48. The

contract was entered between CTX1 and Perry; SIL is not a party to the contract. CR 48. In fact, Paragraph 1 of the Terms and Conditions of Service of the contract expressly states that the only party to the contract is the franchise:

> The SERVPRO Franchise identified on the front of this Contract (the "Provider") is an independent contractor who agrees to perform the services identified on the front of this Contract (the "Services") … Servpro Industries, Inc., the Franchisor, is not a party to any agreement with Client, is not a guarantor of the Provider's Services, and is not subject to liability arising out of such Services.

CR 96.

Here, there is simply no relationship between any transaction by SIL and any of the causes of action alleged by Appellees. Furthermore, as discussed above, SIL's association with a franchise operation that has franchisees in Texas is in no way shape or form grounds for Texas courts to exercise jurisdiction over SIL. As such, neither general or specific personal jurisdiction can be exercised over SIL without violating its rights under the due process clause of the Fourteenth Amendment.

## CONCLUSION & PRAYER

For these reasons, the trial court erred in denying Appellant Servpro Industries, LLC's Special Appearance. Appellant respectfully requests that the Court reverse the trial court's order denying its Special Appearance and render judgment in favor of Servpro Industries, LLC dismissing all claims and causes of action

14

against it with prejudice, awarding it with its costs, and providing any other relief to which it may be entitled.

Respectfully submitted,

SERPE ANDREWS, PLLC


By: *Christopher D. Knudsen*
    Christopher D. Knudsen
    Texas Bar No. 24041268
    cknudsen@serpeandrews.com
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone: (713) 452-4400
Facsimile: (713) 452-4499

*Attorneys for Appellant, Servpro*
*Industries, LLC*


## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Appellant's Brief is computer generated, has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes, contains 3,378 words according to the word count function of the computer program used to prepare this Brief, excluding any parts exempted by TEX. R. APP. P. 9.4(i)(1), and otherwise complies with Texas Rule of Appellate Procedure 9.4.


*/s/ Christopher D. Knudsen*
Christopher D. Knudsen

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record in accordance with the Texas Rules of Appellate Procedure on November 17, 2025.

*Christopher D. Knudsen*
Christopher D. Knudsen

Received at District Clerk's Office
On 10/2/2025 12:19 PM

FILED
10/15/2025 1:58 PM
Amanda K. Calvert
District Clerk
Hays County, Texas

CAUSE NO. 25-0760-DCE

| | | |
|---|---|---|
| REED GASKIN AND BRITTANY GASKIN, | § § § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | |
| v. | § § | HAYS COUNTY, TEXAS |
| ARGUS ENVIRONMENTAL, CONSULTANTS LLC, RADIANT REMEDIATION, LLC, HOWARD ENVIRONMENTAL LLC, SERVPRO INDUSTRIES, INC., AND D.I. MANAGEMENT, LLC d/b/a SAN MARCOS SERVPRO ENTERPRISES, LLC | § § § § § § § § § § § | |
| *Defendants* | § | 453TH JUDICIAL DISTRICT |

## ORDER DENYING SERVPRO INDUSTRIES, LLC'S SPECIAL APPEARANCE

After considering Defendant Servpro Industries, LLC's ("SIL") Special Appearance and Motion to Dismiss for Lack of Personal Jurisdiction, Plaintiffs' response, SIL's reply, and the arguments of counsel, the Court finds that SIL's Special Appearance and Motion to Dismiss should be denied. It is therefore,

ORDERED that SIL's Special Appearance and Motion to Dismiss for Lack of Personal Jurisdiction is hereby DENIED.

Signed on the ___7___ day of ___Oct___, 2025

_____
JUDGE PRESIDING

APPENDIX A

360

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kimberly Palmer on behalf of Christopher Knudsen
Bar No. 24041268
kpalmer@serpeandrews.com
Envelope ID: 108128180
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant's Brief
Status as of 11/17/2025 2:36 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jordan Corn | | jordan@johnson-attorneys.com | 11/17/2025 2:20:08 PM | NOT SENT |
| Christopher Johnson | | chris@johnson-attorneys.com | 11/17/2025 2:20:08 PM | NOT SENT |
| Jennifer Taylor | | jtaylor@brstexas.com | 11/17/2025 2:20:08 PM | NOT SENT |
| Roel Garcia | | rgarcia@brstexas.com | 11/17/2025 2:20:08 PM | NOT SENT |
| James Rudnicki | | james@brstexas.com | 11/17/2025 2:20:08 PM | NOT SENT |
| Lawrence Chang | | Law.Chang@choateaustin.com | 11/17/2025 2:20:08 PM | NOT SENT |
| Lawrence chang | | Law.Chang@choateaustin.com | 11/17/2025 2:20:08 PM | NOT SENT |
| Christopher Knudsen | | cknudsen@serpeandrews.com | 11/17/2025 2:20:08 PM | NOT SENT |
| Kimberly Palmer | | kpalmer@serpeandrews.com | 11/17/2025 2:20:08 PM | NOT SENT |